AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern | |
|---|---|---|
| Name (under which you were convicted): Task Moreland | | Docket or Case No.: 2021-CR-3009 |
| Place of Confinement : Noble Correctional Institution | | Prisoner No.: #809-316 |
| Petitioner (include the name under which you were convicted) Task Moreland | v. | Respondent (authorized person having custody of petitioner) Warden, Jay Forshey |
| The Attorney General of the State of: Ohio | | |

## PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

   Montgomery County Common Pleas Court; Dayton, Ohio.

   (b) Criminal docket or case number (if you know): 2021-CR-3009.

2.   (a) Date of the judgment of conviction (if you know): February 10th, 2023.

   (b) Date of sentencing: February 8th, 2023.

3.   Length of sentence: Eighteen (18) years to Life.

4.   In this case, were you convicted on more than one count or of more than one crime? ☒ Yes    ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case: Count 1: Murder (Proximate Result)(Unclass)(3yr Firearm Spec.); Count 2: Felonious Assault (Serious Harm)(F2)(3yr Firearm Spec.); Count 3: Murder (Proximate Result)(Unclass)(3yr Firearm Spec.); and Count 4: Felonious Assault (Deadly Weapon)(F2) (3yr Firearm Spec.).

6.   (a) What was your plea? (Check one)

   ☒ (1) Not guilty      ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty      ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *N/A.*

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: *Second Appellate District.*

(b) Docket or case number (if you know): *CA-29724.*

(c) Result: *Overruled.*

(d) Date of result (if you know): *January 5th, 2024.*

(e) Citation to the case (if you know): *State v. Moreland, 2024-Ohio-22.*

(f) Grounds raised: *I. The Trial Court Abused Its Discretion In Certifying The State's Weapons Witness As An Expert Because The Witness Did Not Have Sufficient Experience To Qualify And The Witness' Accreditation For Muzzle-To-Target Distance Testing No Longer Exists.*

(g) Did you seek further review by a higher state court? ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: *Ohio Supreme Court.*

(2) Docket or case number (if you know): *24-0549.*

(3) Result: *The Ohio Supreme Court did not accept jurisdiction of Mr. Moreland's case.*

AO 241 (Rev. 09/17)

(4) Date of result (if you know): June 11th, 2024.

(5) Citation to the case (if you know): State v. Moreland, 2024 Ohio Lexis 1244.

(6) Grounds raised:

(Please see, The Continuation of this Petition, attached hereto).

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following: N/A.

(1) Docket or case number (if you know): N/A.

(2) Result: N/A.

(3) Date of result (if you know): N/A.

(4) Citation to the case (if you know): N/A.

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: Second Appellate District.

(2) Docket or case number (if you know): CA-29724.

(3) Date of filing (if you know): March 22nd, 2024.

(4) Nature of the proceeding: Application For Reopening Pursuant To App. R. 26 (B).

(5) Grounds raised:

Ineffective Assistance Of Appellate Counsel With Eight (8) Issues Present For Review. (Please see, The Continuation of this Petition, attached hereto).

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: The Application For Reopening Pursuant To App. R. 26 (B) was denied.

AO 241 (Rev. 09/17)

(8) Date of result (if you know): May 21st, 2024.

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Ohio Supreme Court.

(2) Docket or case number (if you know): 24-0883.

(3) Date of filing (if you know): June 14th, 2024.

(4) Nature of the proceeding: Please see, The Continuation of this

(5) Grounds raised: Petition, attached hereto.

Ineffective Assistance Of Appellate Counsel With Eight(8) Issues Present For Review. (Please see, The Continuation of this Petition, attached hereto).

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No   The Ohio Supreme Court did not accept

(7) Result: jurisdiction of Mr. Moreland's case.

(8) Date of result (if you know): August 6th, 2024.

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Montgomery County Common Pleas Court.

(2) Docket or case number (if you know): 2021-CR-3009.

(3) Date of filing (if you know): March 12th, 2024.

(4) Nature of the proceeding: Post-Conviction Relief Petition

(5) Grounds raised: Pursuant To O.R.C. §2953.21.

Claim Number One: 9a). Mr. Moreland's Statement of Constitutional Claim(s): Mr. Moreland received Ineffective Assistance of Counsel before, during and after his trial. (Please see, The Continuation of this Petition, attached hereto).

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No  The O.R.C. §2953.21 Petition is still Pending at this current time.

(7) Result: The O.R.C. §2953.21 Petition is still Pending at this current time.

(8) Date of result (if you know): The O.R.C. §2953.21 Petition is still Pending at this current time.

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion? Please see, The Continuation of this Petition, attached hereto. (The O.R.C. §2953.21 Petition is still pending in the trial court at this current time).

(1) First petition:  ☒ Yes  ☐ No

(2) Second petition:  ☐ Yes  ☐ No

(3) Third petition:  ☐ Yes  ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
N/A.

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Please see, The Continuation of this Petition, attached hereto.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): (1). Jennifer Owens (Ms. Owens) is not a Muzzle-To-Target Distance Testing Expert. (Please see, The Continuation of this Petition, attached hereto).

(b) If you did not exhaust your state remedies on Ground One, explain why:
N/A.

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_N/A._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _N/A._

Name and location of the court where the motion or petition was filed:

_N/A._

Docket or case number (if you know): _N/A._

Date of the court's decision: _N/A._

Result (attach a copy of the court's opinion or order, if available):

_N/A._

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_N/A._

Docket or case number (if you know): _N/A._

Date of the court's decision: _N/A._

Result (attach a copy of the court's opinion or order, if available):

_N/A._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A._

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

*N/A.*

**GROUND TWO:** Please see, The Continuation of this Petition, attached hereto.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): (1). After the jury found Mr. Moreland guilty, Lucas W. Wilder (Mr. Wilder, #0074057) filed a Crim. R. 29 motion for acquittal on Mr. Moreland's behalf. (2). Dr. Mary Barger (Dr. Barger) testified that Tiffany Moreland's DNA was found on the gun. (Please see, The Continuation of this Petition, attached hereto).

(b) If you did not exhaust your state remedies on Ground Two, explain why:

*N/A.*

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

*N/A.*

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *N/A.*

Name and location of the court where the motion or petition was filed:

*N/A.*

Docket or case number (if you know): *N/A.*

AO 241 (Rev. 09/17)

Date of the court's decision: *N/A.*

Result (attach a copy of the court's opinion or order, if available):

*N/A.*

(3) Did you receive a hearing on your motion or petition?     ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

*N/A.*

Docket or case number (if you know): *N/A.*

Date of the court's decision: *N/A.*

Result (attach a copy of the court's opinion or order, if available):

*N/A.*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*N/A.*

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Two :

*N/A.*

**GROUND THREE:** Please see, The Continuation of this Petition, attached hereto.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): (1). Mrs.
Moreland had a violent past. (2). Prior to Mrs. Moreland
and Mr. Moreland's altercation, Mr. Moreland had been
shot before. (Please see, The Continuation of this Petition,
attached hereto).

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

*N/A.*

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

*N/A.*

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   *N/A.*

Name and location of the court where the motion or petition was filed:

*N/A.*

Docket or case number (if you know):   *N/A.*

Date of the court's decision:   *N/A.*

Result (attach a copy of the court's opinion or order, if available):

*N/A.*

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

*N/A.*

Docket or case number (if you know):   *N/A.*

Date of the court's decision:   *N/A.*

Result (attach a copy of the court's opinion or order, if available):

*N/A.*

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*N/A.*

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

*N/A.*

**GROUND FOUR:** Severe Juror Misconduct Led To An Improper Verdict.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): (1). Judge Susan D. Solle's (Judge Solle) Bailiff, Diana Hofschild (Ms. Hofschild), submitted an Affidavit to Mr. Wilder, informing Mr. Wilder that during the course of deliberations of Mr. Moreland's case, Ms. Hofschild heard significant yelling (Please see, The continuation of this Petition, attached hereto).

(b) If you did not exhaust your state remedies on Ground Four, explain why:

*N/A.*

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

*N/A.*

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *N/A.*

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

*N/A.*

Docket or case number (if you know): *N/A.*

Date of the court's decision: *N/A.*

Result (attach a copy of the court's opinion or order, if available):

*N/A.*

(3) Did you receive a hearing on your motion or petition?          ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes     ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          ☐ Yes     ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

*N/A.*

Docket or case number (if you know): *N/A.*

Date of the court's decision: *N/A.*

Result (attach a copy of the court's opinion or order, if available):

*N/A.*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*N/A.*

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

*N/A.*

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☐ Yes    ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: All of the Grounds that were raised in the O.R.C. §2953.21 Petition, are currently still pending at this time.

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

N/A.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☒ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. The Montgomery County Common Pleas Court; Dayton, Ohio; Case No. 2021-CR-3009; Petition To Vacate Or Set Aside Judgment Of Conviction Or Sentence Evidentiary Hearing Requested. (Please see, The Continuation of this Petition, attached hereto).

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

*N/A.*

(b) At arraignment and plea:

*N/A.*

(c) At trial: Please see, The Continuation of this Petition, attached hereto.

(d) At sentencing: Lucas W. Wilder (#0074057).

(e) On appeal: Please see, The Continuation of this Petition, attached hereto.

(f) In any post-conviction proceeding: Please see, The Continuation of this Petition, attached hereto.

(g) On appeal from any ruling against you in a post-conviction proceeding:

*N/A.*

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

*N/A.*

(b) Give the date the other sentence was imposed: *N/A.*

(c) Give the length of the other sentence: *N/A.*

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

On May 9th, 2025, Mr. Moreland filed a Motion To Stay Federal Habeas Corpus Proceedings Deadlines with this Hon. Court, yet, for whatever reason, this Hon. Court attached Mr. Moreland's stay of the proceedings motion to Case No. 3:22-cv-00228-MJN-CHG. Mr.

AO 241 (Rev. 09/17)

Moreland's stay of the proceedings motion was in regards to Mr. Moreland's June 11th, 2025, § 2254 Petition deadline and had nothing to do with Delaquan D. Henderson, Henderson v. Parin et al or Case No. 3:22-cv-00228-MJN-CHG. The stay of the proceedings motion that Mr. Moreland filed with this Hon. Court on May 9th, 2025, was prepared for him, as a courtesy to Mr. Moreland, by Mr. Seidl (which is the attorney that is currently representing Mr. Moreland with regards to his post-conviction petition that is pending in the trial court at this current time). Mr. Seidl did not put anything in Mr. Moreland's stay of the proceedings motion that would lead this Hon. Court to believe that it was connected to Case No. 3:22-cv-00228-MJN-CHG. Please see, Exhibit (A),The Notice of Electronic Filing that shows that Mr. Moreland's Motion To Stay Federal Habeas Corpus Proceedings Deadlines was Mistakenly (Please see, The Continuation of this Petition, attached hereto).

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(I)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

    (2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Please see, The Continuation of this Petition, attached hereto.

or any other relief to which petitioner may be entitled.

_Signature of Attorney (if any)_

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 6-3-25 (month, date, year).

June 3rd, 2025.

Executed (signed) on 6-3-25 (date).

_Signature of Petitioner_

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.