UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TASK MORELAND, | : | Case No. 3:25-cv-193 |
| Petitioner, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| WARDEN, NOBLE CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

# REPORT AND RECOMMENDATION

Petitioner, a prisoner at the Noble Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on petitioner's motion to stay (Doc. 3), which is not opposed by respondent (*see* Doc. 8). For the reasons stated below, the undersigned recommends that petitioner's motion be granted.

Petitioner initiated this action on June 9, 2025, by filing a habeas corpus petition raising four grounds for relief. (Doc. 1). Petitioner subsequently filed a motion to stay and a supplement to the petition, raising additional unexhausted grounds for relief. (Docs. 3, 6-1). Petitioner seeks to stay this action while he exhausts his claims through a post-conviction petition currently pending in the state courts. (*See* Doc. 3). Specifically, it appears that petitioner filed a petition to vacate or set aside judgment of conviction on March 12, 2024, petitioner was granted counsel, and the motion remains pending in the Montgomery County, Ohio Court of Common Pleas.[1] (*See id.* at PageID 30-31).

---

[1] Viewed at https://pro.mcohio.org/ under Case No. 2021 CR 03009. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Respondent does not oppose a stay while petitioner litigates his post-conviction petition. (*See* Doc. 8).

Accordingly, it is **RECOMMENDED** that petitioner's unopposed motion to stay this action (Doc. 3) be **GRANTED** to afford petitioner the opportunity to exhaust his state-court remedies through his pending post-conviction petition and this matter be terminated on the Court's active docket. *See Rhines v. Weber,* 544 U.S. 269 (2005). It is **FURTHER RECOMMENDED** that the stay be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after fully exhausting his state court remedies through the requisite levels of state appellate review.

IT IS SO RECOMMENDED.

Date: 9/11/2025

Karen L. Litkovitz
United States Magistrate Judge

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral

2

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).